IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

CHRISTINE ROBINSON            )
on behalf of D.J.R.,          )
                              )
          Plaintiff,          )
                              )
v.                            )   Case No. CIV-10-398-KEW
                              )
MICHAEL J. ASTRUE,            )
Commissioner of Social        )
Security Administration,      )
                              )
          Defendant.          )

## OPINION AND ORDER

Plaintiff Christine Robinson ("Plaintiff"), on behalf of the minor child, D.J.R. ("Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Plaintiff appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is REVERSED and the case REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability for persons under the age of 18 is defined by the Social Security Act as the "a medically determinable physical or mental impairment or combination of impairments that causes marked

and severe functional limitations, and that can be expected to cause death or that has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 416.906. Social Security regulations implement a three-step sequential process to evaluate a claim for Child's Supplemental Security Income Benefits under Title XVI of the Social Security Act. See, 20 C.F.R. § 416.924.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute

---

[1] At step one, a child will not be deemed disabled if he is working and such work constitutes substantial gainful activity. At step two, a child will not be found disabled if he does not suffer from a medically determinable impairment that is severe. At step three, a child's impairment must meet a listing and must meet the duration requirement of 12 months. 20 C.F.R. § 416.924(b), (c) and (d).

2

its discretion for that of the agency. <u>Casias v. Secretary of Health & Human Servs.</u>, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." <u>Universal Camera Corp. v. NLRB</u>, 340 U.S. 474, 488 (1951); *see also*, <u>Casias</u>, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on August 18, 1992 and was 15 years old when he filed for disability benefits and 17 years old on the date the ALJ issued his decision. Claimant is alleged to have become disabled due to depression, anxiety, mood swings, suicidal thoughts, problems with self harm, and anger control problems.

### Procedural History

On January 23, 2007, Claimant, through her representative, protectively applied for Supplemental Security Income under Title XVI of the Social Security Act (42 U.S.C. § 1381 *et seq.*). Claimant's application for benefits was denied in its entirety initially and on reconsideration. On March 18, 2009, a hearing before ALJ Glenn A. Neel was held in McAlester, Oklahoma. By decision dated September 29, 2009, the ALJ issued an unfavorable decision. On September 15, 2010, the Appeals Council denied review

of the ALJ's findings. Thus, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

### Decision of the Administrative Law Judge

The ALJ made his decision at step three of the sequential evaluation. He determined that Claimant's condition did not meet a listing and she had not been under a disability.

### Review

Plaintiff asserts the ALJ committed error in: (1) improperly rejecting a portion of a consultative physician's opinion; and (2) finding Claimant had less than marked limitation in the functional domain of Interacting and Relating with Others and his finding that Claimant's impairments were not functionally equivalent to the listings.

### Evaluation of Medical Opinion Evidence

Claimant contends the ALJ improperly rejected a key portion of the opinion of Dr. Larry Vaught, a consultative psychologist. On May 11, 2009, Dr. Vaught performed a psychological disability examination of Claimant. On May 21, 2009, he also completed a Childhood Disability Evaluation Form. Dr. Vaught concluded Claimant was less than markedly limited in the areas of Acquiring and Using Information, Moving About and Manipulating Objects, and

Caring for Yourself. He also found Claimant was markedly limited in the functional areas of Attending and Completing Tasks and Interacting and Relating with Others. (Tr. 298-99). Dr. Vaught stated, "I believe her cognitive test results are probably an underestimate of her abilities (e.g. WAIS III Full Scale IQ = 65, WMSIH Immediate Memory Index = 45). This is most likely due to motivational and attentional issues associated [with her] anxiety and mood issues." (Tr. 300).

In support of his finding that Claimant was markedly limited in the area of Interacting and Relating with Others, Dr. Vaught cited to the results of the MMPI-A testing. (Tr. 298). Dr. Vaught determined that, based upon this testing, Claimant reported "substantial psychological distress based on an F score of 100T." (Tr. 304). Dr. Vaught diagnosed Claimant with Mood Disorder, NOS, Generalized Anxiety Disorder, Personality Disorder, NOS with Avoidant and Borderline Features, and Learning Disorder, NOS. (Tr. 305).

In his decision, the ALJ found Claimant suffered from the severe impairments of major depressive disorder, generalized anxiety disorder, personality disorder with avoidant and borderline features, and amblyopia. He recognized Dr. Vaught's opinions and appears to have accepted his diagnoses, since his impairment findings mirror those of Dr. Vaught. (Tr. 13). The ALJ noted that

Dr. Vaught believed the WAIS III and WMSIH testing was underestimated and that he found the poor scores were likely due to motivational and attention issues. The ALJ concluded, however, that based upon the findings on the questionable testing "Dr. Vaught's exam is not a valid estimate of the claimant's overall level of functioning." (Tr. 17).

The ALJ's findings in this regard does not support the total disregard he gave to Dr. Vaught's finding of marked limitation in the area of Interacting and Relating with Others based upon the MMPI testing. No finding of unreliability was made as to this testing and the ALJ concluded that Claimant has "less than marked limitation" in this functional area. (Tr. 20). It is clear that "in addition to discussing the evidence supporting his decision, the ALJ also must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects." Clifton v. Chater, 79 F.3d 1007, 1009-1010 (10th Cir. 1996)(citations omitted). Because the ALJ failed to discuss his apparent rejection of Dr. Vaught's testing and findings in this area, the matter must be remanded for consideration of the marked limitation found by Dr. Vaught.

## Functional Limitations

In a related vein, Claimant also contends the ALJ's finding of less than marked limitation in the functional domain of Interacting

and Relating with Others was not supported by substantial evidence. As discussed in the prior argument, the ALJ will be required to discuss his rejection of Dr. Vaught's finding of marked limitation in this domain. In addition to Dr. Vaught's opinion in this area, the ALJ should also re-evaluate the low GAF scores noted by both Dr. Foster and Dr. LaGrand in their assessments. Dr. Foster found Claimant had a GAF of 37 which would indicate a serious or major impairment in communication and relations with others. (Tr. 220-21). Additionally, Dr. LaGrand found Claimant had a GAF of 45 which would also indicate a serious impairment in social, occupational, or school functioning. (Tr. 238). The ALJ should also consider the other lay and medical evidence of Claimant's inability to interact or relate to others and consider whether the evidence supports a finding of functional equivalency to the listings.

### Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, this Court finds, in accordance with the fourth sentence of 42 U.S.C. § 405(g), the ruling of the Commissioner of Social Security Administration should be and is **REVERSED and the matter REMANDED** for further proceedings consistent

with this Opinion and Order.

DATED this 21st day of March, 2012.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE